# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cr102

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| JERRY W. HOLMES, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on defendant's Objections to Order of Continuing Garnishment. The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). While defendant has attempted to interject new facts, the court finds that the facts underlying restitution and the garnishment are adequately and fairly presented in the Presentence Report. Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the Judge Cayer's Order of Continuing Garnishment.

Generally, to satisfy a judgment against a defendant, the United States may petition the court for a writ of garnishment "against property . . . in which the debtor has a substantial nonexempt interest." 28 U.S.C. § 3205(a). This interest includes nonexempt disposable earnings, id., defined as 25% of a debtor's disposable earnings. 28 U.S.C. § 3002(9). The statute provides few exemptions, none of which are either applicable in this matter or have been cited as a basis for objection. See 18 U.S.C. § 3613(a)(1). Where a court determines that the procedural requirements of the garnishment provisions are satisfied, the court "shall issue" the writ, 28 U.S.C. § 3205(c) (emphasis added), which Honorable David S. Cayer, United States Magistrate Judge, did in this case. Defendant attacks the Order as a matter of law and on equitable grounds, which will be discussed *seriatim*.

As to the lawfulness of the Order, review of the Judgment, the Plea Agreement, and the Presentence Report in this matter reveals that defendant, without limitation, agreed to pay "full restitution" to the victims of his crime. See Plea Agreement §8. Further, the Mandatory Victim Restitution Act expressly requires defendant to apply resources, such as the pension payments, to his debt:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n)(emphasis added). Further, the Crime Victims' Rights Act provides that victims have the right to "full and timely restitution as provided by law." 18 U.S.C. § 3771(a)(6). The objection to the Order of Continuing Garnishment is, as a matter of law, overruled as defendant's pension is a substantial resource that should be applied to the restitution debt during defendant's incarceration for the benefit of his victims.

As for a equitable basis for modifying the Order, defendant asks the court to exercise its discretion based on financial need and his prior efforts to assist the government, citing 28

U.S.C. § 3013. Section 3013 provides, in relevant part, as follows:

> The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter.

28 U.S.C. § 3013. The government has argued that such discretion is limited under § 3013 to situations where it has acted contrary to the collection statutes, resulting in a situation that amounts to abuse of the collection process, but notes that the Court of Appeals for the Fourth Circuit has not yet reached such issue and that other courts have disagreed with that argument. The court appreciates the government's candor and the court finds persuasive reasoning inapposite to the government's position. In United States v. Ogburn, 499 F.Supp.2d 28 (D.D.C. 2007), the district court addressed an identical argument, closely reviewed reported cases, and persuasively held, as follows:

> the Government argued that since the FDCPA is intended to promote uniformity in debt collection, the circumstances of individual debtors should not be taken into account. The court noted that nothing in the statutory text supported such a limitation, and that the legislative history of the statute emphasizes "affording fundamental protections to the rights of all individuals." *Kaye*, 93 F.Supp.2d, at 198 (*citing* 136 Cong. Rec. H13288-02, 13290). The court then concluded that a case-specific determination of reasonableness is the standard for the exercise of § 3013 authority. *Id.* The court also rejected the Government's attempt to apply the limits on quashing remedies contained in 28 U.S.C. § 3202(d) to § 3013. *Id.* at 198-99.
>
> Other provisions in the FDCPA also support the conclusion that courts retain discretion to modify a writ of garnishment. *United States v. George*, 144 F.Supp.2d 161, 164-65 (E.D.N.Y.2001), focused on two such provisions. First, 28 U.S.C. § 3205(a) provides that a court " may issue a writ of garnishment" (emphasis in original) and "[n]othing in that language mandates a garnishment of a particular amount." *Id.* at 164. Second, the definition of "nonexempt disposable earnings" is "subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002(9). Section 303, 15 U.S.C. § 1673, provides that 25 percent is only the "[m]aximum allowable garnishment," not the necessary garnishment amount. Reading these statutes together, the court reasoned that "all the pertinent statutory language indicates that 25% is a maximum figure. Common sense dictates the same result." *George*, 144 F.Supp.2d at 165. For those reasons, the court concluded it had the authority to reduce the garnishment amount based on the circumstances of the individual garnishee. *Id.* at 164.

> While district courts in Connecticut, New York, and Texas have reached the same conclusion that they have authority to modify a writ of garnishment, one court has rejected this view. *See United States v. Hanhardt*, 353 F.Supp.2d 957 (N.D.Ill.2004). In *Hanhardt*, the court held "there is no justification in the law for lowering the amount of the garnishment," and "the law does not allow the court to make a determination as to whether the financial circumstances of [defendant's] wife take priority over his legal obligation to pay restitution." *Id.* at 960-61. In reaching this holding, the court found that under 28 U.S.C. § 3002(9), 25 percent was the required amount of garnishment. *Id.* at 960. Curiously, the court addressed neither *Kaye*-an earlier case-nor § 3013. Nor did it address the substance of *George*, which it distinguished with a one-sentence comment that its holding was governed by a different statute. *Id.* In fact, the court in *Hanhardt* did not directly analyze the possibility of judicial modification at all, and focused its attention solely on the question of who had "the superior legal claim to [defendant's] annuity funds": the government or the defendant's elderly wife. *Id.* at 961. Because of the absence of any detailed statutory analysis of the FDCPA, the reasoning in *Hanhardt* is unpersuasive.
>
> For the reasons discussed, the Court concludes that § 3013 provides the authority to modify the writ of garnishment. It must now examine the particular circumstances of this case to determine the most appropriate and reasonable manner in which to exercise that authority.

Id., at 30-31. The government argues that the decision of the district court in Ogburn is wrong and that such inquiry would not result in "the streamlined enforcement mechanism that Congress had in mind." Government's Response (#77), at p. 14. While the court understands and appreciates the benefits of streamlined proceedings, § 3013 is tacit recognition that victims, offenders, and families are real persons who have real needs and real problems, and that an Article III judge is in a unique position to make adjustments based on those needs. Indeed, such a reading of § 3013 could also enure to the benefit of victims in a situation where a defendant had a substantial stream of income that could both meet basic needs and be garnished at a higher percentage. The court believes it has an affirmative duty under Article III to exercise discretion under § 3013 unless Congress has made clear (or a court which this court is bound to follow) an intent to limit that discretion.

In determining whether to equitably modify the Order of Garnishment under § 3013,

−4−

the court has carefully considered the alleged hardship on defendant's spouse and balanced that hardship against the other equities that are readily apparent.[1] Defendant states that his wife is now employed in an auto parts store, Objections, at p. 3., but that she depends on defendant's pension for her support, and that without such pension, she will default on her mortgage. Defendant also states that the house is worth less than the mortgage. Review of information in the Presentence Report reveals that defendant's spouse has income of $1800.00 a month and that the mortgage is $2,046.00. (The government states in its response that defendant's spouse earns $36,000.00, but provides the court with no citation as to where it found such information.) Even using the lower figure, defendant's spouse has annual income of $21,600.00, and review of the 2011 Health and Human Services Poverty Guidelines provides that for a household of one person,[2] that income less than $10,890.00 falls below the federal poverty measure as determined by the government. See http://www.aspe.hhs.gov/poverty/11poverty.shtml. No serious argument can be made that defendant is in personal need of the garnished income while incarcerated inasmuch as the court takes notice that the taxpayers are now paying for his housing, food, clothing, and healthcare. Read in a light most favorable to defendant, he appears to contend that the

---

[1] The court will not equitably consider defendant's cooperation in the investigation as that was fully compensated by the government in the Plea Agreement and by this court when it imposed a sentence *well* below the advisory guidelines, as outlined in the Statement of Reasons:
> Although the government had received some information about misconduct at The Settlement Source, the defendant was not aware of this fact and self-reported his crime which the Court wants to encourage and found to be extraordinary; the defendant also made usual efforts to liquidate assets to the benefit of the victims; and the parties were in agreement that a variance was appropriate under the circumstances.

Statement of Reasons (#49), at 3-4. The court varied from 57 months to a sentence of 33 months.

[2] The presentence report indicates that defendant's children are adults and have established their own households.

garnishment should be stayed while he is incarcerated as he has no ability to work to provide for his spouse while incarcerated. The court does not find this to be either inequitable or exceptional, as it is the rare inmate that has a stream of income while incarcerated, other than small cash gifts from family members for use in the canteen.

While there is no doubt that the standard of living for defendant's innocent spouse will be diminished due to such garnishment, the exercise of discretion under § 3013 must be a reasonable one, which requires balancing competing interests. Congress has made perfectly clear through the Mandatory Victim Restitution Act and the Crime Victims' Rights Act that the equitable interests of the victims weighs heavily in the balance. Further, the government has clearly shown that it will be the innocent, individual victims who suffer most from defendant's criminal activity, ad defendant bankrupted and devastated many of these individual victims. While defendant has clearly shown that his wife will also suffer, such is usually the case where one spouse engages in conduct that results in the loss of income. The court can find no reason to exercise its discretion in favor of defendant as the balance of hardships weighs in favor of garnishment under the statute.

Having considered defendant's motion and reviewed the pleadings, and having determined that the Order is neither contrary to law nor that the equities weigh in favor of its modification, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Objections to Order of Continuing Garnishment (#72) are **OVERRULED** and the Order of Continuing Garnishment is **REAFFIRMED** and adopted by this court as its own Order.

Signed: November 4, 2011

Max O. Cogburn Jr.
United States District Judge