# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cr102

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JERRY W. HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on a letter dated November 1, 2012. Review of the letter reveals that defendant seeks a letter-of-recommendation from this court that would support defendant's placement in a Residential Re-Entry Center based on his good conduct and accomplishments during his incarceration and to facilitate his transition after release. Defendant has been incarcerated at the Edgefield Federal Prison Camp since August 2011.

Title 18, United States Code, Section 3621(b), provides in relevant part as follows:

> **(b) Place of Imprisonment.**— The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> * * *
>
> (4) any statement by the court that imposed the sentence—
>
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate . . . .

18 U.S.C. § 3621(b). The *Second Chance Act*, cited by defendant in his letter, impacts the RRC program as provided by Section 3621, and provides in pertinent part, as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Placement of an inmate in an RRC during the final portion of his sentence is sometimes referred to as "pre-release RRC placement" and placement of an inmate in an RRC at any other point during his sentence pursuant to § 3621(b) is called an "anytime RRC placement." Delfino v. Berkebile, 2011 WL 1088013, *3 (S.D.W.Va. March 23, 2011).

To the extent defendant asks that the court grant him relief under the *Second Chance Act of 2007*, the provisions of 18, United States Code, Section 3624(c), concern actions to be taken by the Director of the Bureau of Prisons, not the court. Whether to place a person in any prerelease program appears to be a duty delegated to the Executive Branch and not the Judiciary. Matters Congress delegates to the Director of the Bureau of Prisons are not left to the discretion of the courts. See United States v. Stubbs, No. 97-4948, 1998 WL 387253, at *1 (4th Cir. June 24, 1998) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329 (1992)). The Director of Bureau of Prisons is uniquely qualified to determine what re-entry programs are appropriate for an incarcerated person as the Director is familiar with petitioner's adjustment and accomplishments while incarcerated. Although defendant has apparently been told that a recommendation from the sentencing judge is required to obtain relief from the BOP under the Act, the court is unaware of and has been cited to no regulation or law supporting such contention. Indeed, the court has no knowledge and therefore no credible basis for making any such determination.

Finally, the court has considered whether petitioner is alleging that he has been denied

any relief by the Bureau of Prisons under the *Second Chance Act of 2007*. C

\* \* \*

Defendant is advised, however, that the court would respond to any formal request made by his case manager at the Bureau of Prisons that cites to any applicable regulation or law requiring a supporting letter under the *Second Chance Act*. Any such letter, however, would only be based on information contained in the PSR and the sentencing transcript.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's letter dated November 1, 2012, is considered to be a Motion to Recommend Residential Re-Entry Center (RRC) Placement (#113), and is **DENIED** as seeking relief under 18, United States Code, Section 3624(c), which is not within the province of the court to grant.

Signed: November 13, 2012

Max O. Cogburn Jr.
United States District Judge